UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

10-CR-6136L

v.

VALINE TAYLOR,

Defendant.
_____

On October 20, 2011, I sentenced defendant Valine Taylor ("Taylor") to five years probation, a $1,000 fine, a special assessment in the sum of $100 and restitution in the sum of $30,000 payable at a rate of ten percent of Taylor's gross monthly income (Dkt. #127).  The sentence was imposed pursuant Taylor's plea to conspiracy to commit bank fraud pursuant to 18 U.S.C. § 1349 relating to the purchase of real property at 1785 Pacific Street, Brooklyn, New York (the premises).  The restitution order was not a final order and the judgment stated that it was subject to a further award of restitution pending a hearing.  At the time of sentencing, there were significant issues that had not yet been resolved as to the actual loss suffered by the victim of the fraud, Flaherty Funding.  Pursuant to 18 U.S.C. § 3664(d)(5), the matter was therefore adjourned for approximately 90 days.

The fraud involved efforts by Taylor and others to purchase the premises.  The evidence showed that Taylor assisted another, Tyshe Bankston, who was a "straw" purchaser, to submit false information to obtain a sizeable mortgage.  Flaherty Funding issued a mortgage on the property, based on false documents, in the sum of $533,850.  After a few payments were made, Bankston defaulted, leaving a balance due of approximately $530,000.  Bankston later executed a deed in lieu of foreclosure to Flaherty Funding which took control over the premises, i.e., the pledged collateral.

After a series of transactions, the premises were sold to a third party for $215,000. That party then sold the same property within a short period of time to yet another person, Everalde Clarke for approximately $460,000, a sum far greater than the $215,000 obtained by Flaherty Funding when it sold the collateral.

The significant discrepancy between the original purchase price and Flaherty Funding's sale of the premises after default when considered in light of the property's subsequent resale for a price more than double what Flaherty Funding had received, raised serious questions as to what the true loss was to the victim, Flaherty Funding. The primary issue then is what constituted the fair market value of this foreclosed property. Generally, the fair market value determines the extent of the victim's actual loss. *See United States v. Boccagna,* 450 F.3d 107, 115 (2d Cir. 2006).

At the Court's direction, subsequent to the sentencing, both the Government and Taylor submitted written materials. (Dkt. ## 137, 138).

The Government has the burden to establish the amount of loss by a preponderance of the evidence. 18 U.S.C. § 3664(c). The Government contends that the loss is the balance due on the initial mortgage less the purchase price received by Flaherty Funding after receipt of the deed in lieu of foreclosure. That sum is at least $314,000.

After reviewing all the material submitted, both at the time of sentencing and thereafter, I am not convinced that the Government has met its burden of establishing actual loss to the extent claimed. The discrepancy between the original price of the premises and the final sale to the third party, Clarke, on the one hand, and the greatly reduced price obtained by Flaherty Funding ($215,000) when it sold the premises after default, is too great to reconcile. Flaherty Funding asserts that the Clarke purchase was also fraudulent, but there is no evidence before me to support that.

The Court's original determination of restitution was $30,000. Under all the circumstances, I believe that amount should be, and it hereby is, determined to be the final amount of restitution due, jointly and severally, from this defendant. That sum approximates what Taylor received or could reasonably have foreseen that others obtained directly from the fraud.

- 2 -

Finally, even if I agreed with the Government as to the loss, based on this defendant's economic circumstances, I believe a $30,000 sum is appropriate.  In determining the amount of restitution actually due from a defendant, the Court may consider the defendant's present and potential economic circumstances.  Pursuant to 18 U.S.C. § 3664(f)(3)(B), I find that defendant Taylor has carried her burden of establishing that her economic circumstances are such as to preclude payment of any amount of restitution greater than $30,000 in the foreseeable future under any reasonable schedule of payments.

Therefore, the restitution amount set forth in the Judgment and Commitment (Dkt. #127) in the sum of $30,000 payable at the rate of ten percent of the defendant's monthly gross income, is confirmed and there will be no further order of restitution as to this defendant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 22, 2012.